F I L E D
**United States Court of Appeals
Tenth Circuit**

**AUG 2 2000**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARK ANDREW MASON,

      Plaintiff-Appellant,

v.

CITY OF DENVER; DENVER CITY
JAIL; TWO (UNKNOWN) DENVER
POLICE OFFICERS; FIVE
(UNKNOWN) DENVER JAIL
MEDICAL PERSONNEL;
(UNKNOWN) EMERGENCY
MEDICAL TECHNICIAN; DR. JON
BRAVERMAN, M.D.; DR. MICHAEL
PROCADA, M.D.,

      Defendants-Appellees.

No. 99-1386
(D.C. No. 96-D-1568)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff appeals from the district court's grant of summary judgment in favor of defendants in this action brought pursuant to 42 U.S.C. § 1983 for alleged violations of plaintiff's constitutional rights. Plaintiff alleges that defendants' deliberate indifference to his serious medical needs resulted in the loss of his right eye. The district court found that there was no deliberate indifference and that plaintiff did not establish a causal link between any city policy or custom and the alleged constitutional violation. We review the district court's grant of summary judgment *de novo*. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1361 (10th Cir. 1993). In so doing, we apply the same standard as the district court did: we view the evidence in the light most favorable to plaintiff and we will affirm if there is no genuine dispute as to any material fact and defendants are entitled to judgment as a matter of law. *See id.* Guided by these standards, we affirm.

## FACTS

On the night of June 25, 1994, plaintiff was involved in an altercation with a Mr. Meek. During their fight, Mr. Meek poked plaintiff in the right eye, causing plaintiff to lose sight in that eye. The police were called to the scene, and, shortly thereafter, an ambulance arrived. Plaintiff complained of pain and

that he could not see out of his right eye.  A paramedic examined plaintiff and cleared him to be taken to the jail.  The officers transported plaintiff to the jail, where he was screened by medical staff[1] and placed in a cell directly behind the medical screening area.  Plaintiff was examined by medical staff twice the next morning, and, upon the third examination at 4:00 that afternoon, he was taken to Denver General Hospital for treatment.  Plaintiff underwent surgery the next day, but he never regained his sight, and his eye was eventually removed.

DISCUSSION

Plaintiff's claim that defendants violated his constitutional rights by not affording him adequate medical attention can succeed only if plaintiff shows that defendants were deliberately indifferent to his serious medical needs.  *See Barrie v. Grand County*, 119 F.3d 862, 868-69 (10th Cir. 1997) (holding that standard for pretrial detainee is no different, namely he must show deliberate indifference to a serious medical need).  Further, "to establish municipal liability [for a constitutional violation,] a plaintiff must show (1) the existence of a municipal

---

[1]     The district court ordered a Martinez report, which reflects that plaintiff was booked into the jail at 3:00 a.m. and was not seen by jail medical staff until 1:45 that afternoon.  Plaintiff, however, alleges that he was screened by jail medical staff upon arrival, and then two more times the next morning.  This discrepancy has no effect on our analysis, and because we are bound to consider the facts in the light most favorable to plaintiff, we adopt plaintiff's version of the facts.

custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Hollingsworth v. Hill*, 110 F.3d 733, 742 (10th Cir. 1997) (quotation omitted). Plaintiff has established none of these things.

First, to the extent that plaintiff has shown the existence of a municipal policy,[2] he has failed to establish a direct causal link between it and his allegation of deliberate indifference. In fact, if anything, plaintiff's allegations that he was examined by jail medical staff on three different occasions before they eventually recommended transfer to the hospital, shows that the city employees complied with the policy that detainees be medically screened after being detained.

More than having failed to show a causal link between a municipal policy and any constitutional violation, plaintiff has not shown that either the city or its employees were deliberately indifferent to his serious medical needs. Plaintiff was examined by a paramedic at the scene of the altercation before he was taken to the jail. It may be that the paramedic did not correctly diagnose the seriousness of plaintiff's eye injury, and plaintiff has presented evidence that the paramedic

---

[2]    As the magistrate judge found, plaintiff "attached to his complaint what appears to be a written policy for health care services applicable to inmates. (Compl., Ex. 8-11) Although there is no verification that this is in fact the City's policy with regard to medical treatment of inmates, [p]laintiff's allegations fail to demonstrate that such policy caused his injuries." Recommendation of Magistrate Judge, R. Vol. II, tab 214 at 5. Indeed, the policy attached to plaintiff's complaint requires evaluation of detainees and transfer to an emergency medical facility when required, and plaintiff's allegations establish that defendants' actions were in accord with that policy.

should have treated the injury differently, but the most that can be said is that the paramedic was negligent in his diagnosis and treatment of plaintiff's injury. Neither negligence (or even gross negligence) nor misdiagnosis equate to deliberate indifference. *See Berry v. City of Muskogee*, 900 F.2d 1489, 1495-96 (10th Cir. 1990); *Sealock v. Colorado*, No. 99-1185, 2000 WL 954940, at *4 (10th Cir. July 11, 2000).

After the paramedic cleared plaintiff to be taken to the jail, the officers cannot be said to have been deliberately indifferent to plaintiff's medical needs in transporting him to the jail. Once he arrived at the jail, plaintiff was screened by jail medical staff, and he was evaluated twice more the next morning. Although he complained of pain and that he still could not see out of that eye, the record shows that these complaints and plaintiff's appearance were consistent with eye trauma resulting from impact to the eye seen by the jail medical staff on a regular basis. In hindsight, it is apparent that the jail medical staff misjudged the seriousness of plaintiff's eye injury, but again, deliberate indifference requires something more than negligence or misdiagnosis. When plaintiff was evaluated for a fourth time by jail medical staff later that afternoon, they determined that plaintiff's injury required treatment, and he was transported to the hospital.

Finally, the record shows that the district court properly denied plaintiff's motions to amend his complaint to add named city employees as defendants.

The district court was well within its discretion to deny amendment of the complaint because adding the individual employees would have been futile. *See Frank*, 3 F.3d at 1365. This record simply does not support plaintiff's claim of deliberate indifference by either the city or its employees.

    AFFIRMED.


                Entered for the Court


                Robert H. Henry
                Circuit Judge